# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-10959
Summary Calendar

In the Matter of:    CADDO PARISH-VILLAS SOUTH, LTD.

Debtor,

-----------------------------------
CADDO PARISH-VILLAS SOUTH, LTD.,

Appellant,

versus

BEAL BANK, S.S.B.,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-700-P)

February 14, 2001

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

This bankruptcy proceeding returns to this court on an appeal by Caddo Parish-Villas South, Ltd., which unsuccessfully objected to a claim asserted by Beal Bank, S.S.B., made pursuant to a mortgage note it had acquired from the Department of Housing and Urban Development. For the reasons assigned we affirm.

The history of this litigation is imperative to an understanding of our summary resolution of this appeal.

This matter initially came before the district court on appeal from the bankruptcy court in February 1998. The district court then held that Beal Bank had satisfied its burden of proving its claim under La. R. S. 10:3-309(a). Specifically, our learned trial court held that Beal Bank need only prove that its assignor, HUD, had met the requirements detailed in the statute for enforcement of a lost instrument. The district court then remanded the matter to the bankruptcy court for a determination whether indemnification was required for adequate protection of the debtor. The debtor appealed to this court. We rejected the appeal because the district court order was not a "final order" for purposes of appeal.

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thereafter, the bankruptcy court resolved the indemnity issue. The debtor appealed to the district court which affirmed the bankruptcy court action, incorporating therein its February 1998 ruling. The debtor appeals to this court.

During the interim between the initial district court decision and the instant appeal, a decision was rendered in <u>Southeast Investment, Inc. v. Clade</u>.[1] The facts and issues in that litigation are identical to those presented herein. The district court there held that: "As the assignee of the Note, Plaintiff stands in the shoes of the FDIC and obtains all the rights, title, and interest that the FDIC had at the time of the assignment. This includes the right of enforceability under section 3-309."[2] As support for its holding, the court relied, *inter alia*, on the February 1998 decision by the district court *á quo*.[3] On April 3, 2000 we affirmed that decision.[4]

The judgment appealed therefore is AFFIRMED.

---

[1]1999 WL 476865 (N.D. Tex., July 7, 1999).

[2]<u>Id</u>. at *3 (internal citation omitted).

[3]<u>Beal Bank, S.S.B. v. Caddo Parish-Villas South, Ltd.</u>, 218 B.R. 851, 855 (N.D. Tex. 1998).

[4]<u>Southeast Investments v. Clade</u>, 212 F.3d 595 (5th Cir. 2000).