# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 00-10959
Summary Calendar

In the Matter of:    CADDO PARISH-VILLAS SOUTH, LTD.

Debtor,

-----------------------------------

CADDO PARISH-VILLAS SOUTH, LTD.,

Appellant,

versus

BEAL BANK, S.S.B.,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas

April 30, 2001

**<u>Opinion on Rehearing</u>**

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

POLITZ, Circuit Judge:

This bankruptcy proceeding returns to this court on an appeal by Caddo Parish-Villas South, Ltd., which unsuccessfully objected to a claim asserted by Beal Bank, S.S.B., made pursuant to a mortgage note acquired from the Department of Housing and Urban Development (HUD). For the reasons assigned we affirm.

This matter initially came before the district court in February 1998 on appeal from the bankruptcy court. The district court then held that Beal Bank had satisfied its burden of proving its claim under La. R. S. 10:3-309(a). Specifically, our learned trial court held that Beal Bank need only prove that its assignor, HUD, had met the requirements detailed in the statute for enforcement of a lost instrument. The district court then remanded the matter to the bankruptcy court for a determination whether indemnification was required for adequate protection of the debtor. The debtor appealed. We rejected that appeal because the district court order was not a "final order" for purposes of appeal.

Thereafter, the bankruptcy court resolved the indemnity issue. The debtor then appealed to the district court which affirmed the bankruptcy court, incorporating therein its February 1998 ruling. The instant appeal followed.

During the interim between the initial district court decision and the instant

appeal, a decision was rendered in <u>Southeast Investment, Inc. v. Clade</u>.[1]  The facts

and issues in that litigation are identical to those presented herein.  The district

court there held that: "As the assignee of the Note, Plaintiff stands in the shoes of

the FDIC and obtains all the rights, title, and interest that the FDIC had at the time

of the assignment.  This includes the right of enforceability under section 3-309."[2]

As support for its holding, the court relied, *inter alia*, on the February 1998 decision

by the district court *á quo*.[3]  On April 3, 2000 we affirmed that decision.[4]  Based on

that affirmance, we issued an opinion on February 14, 20001 affirming the

judgment in the instant case.  In its Petition for Panel Rehearing, the appellant notes

that the question of enforcability of the underlying note in <u>Southeast Investments</u>

was not an issue therein and, accordingly, our reliance on that affirmance was

inappropriate.  We granted rehearing to consider that proposition.

## ANALYSIS

---

[1]1999 WL 476865 (N.D. Tex., July 7, 1999).

[2]<u>Id</u>. at *3 (internal citation omitted).

[3]<u>Beal Bank, S.S.B. v. Caddo Parish-Villas South, Ltd.</u>, 218 B.R. 851, 855 (N.D. Tex. 1998).

[4]<u>Southeast Investments v. Clade</u>, 212 F.3d 595 (5th Cir. 2000).

Louisiana Revised Statutes 10:3-309(a) provides that:

A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred; (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure; and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

Section 3-309 is a modification of former § 3-804. As the comments to § 3-309 reflect, the modified version provides for the rights of "a person entitled to enforce the instrument" at the time of loss, and not of the "owner" of the instrument. Caddo Parish-Villas does not contest the fact that HUD was the "person" entitled to enforce the instrument when it was lost. Nor does it claim that the loss of possession was a result of a transfer by HUD or unlawful seizure or that the instrument could not be reasonably obtained. Therefore, the sole issue for purposes of this appeal is whether Beal Bank, as an assignee of the note from the HUD, may enforce the note under § 3-309.

Section 1-103 of the Louisiana UCC chapter mandates that, in the absence of a specific provision in that chapter, "the other laws of Louisiana shall apply." Louisiana law provides that "all rights may be assigned, with the exception of those pertaining to obligations that are strictly personal. The assignee is subrogated to

the rights of the assignor against the debtor."[5]  Additionally, Article 2654 provides

that, "The assignor of a right must deliver to the assignee all documents in his

possession that evidence the right.  Nevertheless, a failure by the assignor to deliver

such documents does not affect the validity of the assignment."

The right to enforce a negotiable instrument is not a strictly personal

obligation.[6]  It therefore may be assigned.  It is undisputed that HUD validly

assigned all of its rights under the note to Beal Bank.  That assignment included

any and all rights of enforcement that HUD had.  Accordingly, as the assignee of

HUD, Beal Bank may enforce the note against Caddo Parish-Villas upon

demonstrating that HUD satisfied the requirements of  § 3-309.  The district court

found that Beal Bank had presented sufficient evidence to prove that: (1) HUD was

in possession of the note when the loss occurred; (2) the loss of possession was not

the result of a transfer or unlawful seziure; and (3) possession of the note cannot

reasonably be obtained because its whereabouts cannot be determined.  Finally, the

district court also found that Beal Bank had proven the terms of the instrument by

submitting a copy of the note and mortgage at the bankruptcy proceeding.  The

---

[5]LA. CIV. CODE ART. 2642.

[6]LA. CIV. CODE ART. 1766 ("An obligation is strictly personal when its performance can be enforced only be the obligee, or only against the obligor.").

record fully supports these findings.

Beal Bank has satisfied all of the requirements of § 3-309 and it is therefore entitled to enforce the note. The judgment appealed is AFFIRMED.