EMILIANO PASILLAS AND YVETTE PASILLAS, APPELLANTS, *v.* HSBC BANK USA, AS TRUSTEE FOR LUMINENT MORTGAGE TRUST; POWER DEFAULT SERVICES, TRUSTEE; AND AMERICAN HOME MORTGAGE SERVICING, INC., RESPONDENTS.

No. 56393

July 7, 2011                     255 P.3d 1281

*Terry J. Thomas*, Reno, for Appellants.

*Pite Duncan, LLP*, and *Gregg A. Hubley, Laurel I. Handley*, and *Cuong M. Nguyen*, Las Vegas, for Respondents.

Before the Court EN BANC.

# OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider issues arising out of Nevada's Foreclosure Mediation Program and address whether a lender commits sanctionable offenses when it does not produce documents and does not have someone present at the mediation with the authority to modify the loan, as set forth in the applicable statute, NRS 107.086, and the Foreclosure Mediation Rules (FMRs).

Because NRS 107.086 and the FMRs expressly require that certain documents be produced during foreclosure mediation and that someone with authority to modify the loan must be present or accessible during the mediation, we conclude that a party's failure to comply with these requirements is an offense subject to sanctions by the district court. In such an event, the district court shall not direct the program administrator to certify the mediation to allow the foreclosure process to proceed until the parties have fully complied with the statute and rules governing foreclosure mediation.

Here, because respondents HSBC Bank USA, Power Default Services, and American Home Mortgage Servicing, Inc. (AHMSI), did not bring the required documents to the mediation and did not have access to someone authorized to modify the loan during the mediation, we conclude that the district court erred in denying appellants Emiliano and Yvette Pasillas's petition for judicial review. Therefore, we reverse the district court's order and remand this matter to the district court so that the court may determine sanctions.

## FACTS AND PROCEDURAL HISTORY

The Pasillases purchased a home in Reno in 2006 with a loan from American Brokers Conduit. The note and deed of trust were allegedly assigned to HSBC.[1] Near the end of 2009, Power Default

---

[1] The Pasillases claim that HSBC failed to provide a valid assignment; the one it provided during the mediation was signed by American Brokers Conduit but did not state who the assignee was.

Services became a substitute trustee, removing HSBC from that role. Allegedly, the servicer for the Pasillases' loan is AHMSI.[2]

When the Pasillases defaulted on their mortgage and received a notice of election to sell, they elected to mediate pursuant to the Foreclosure Mediation Program provided for in NRS 107.086. Two separate mediations occurred, one on February 18, 2010, and one on March 8, 2010,[3] but neither mediation resulted in a resolution.

While a representative of AHMSI was available by phone at both mediations, it is unclear whether HSBC was present or represented by counsel. There is some disagreement between the parties regarding who the respondents' attorneys represented at the mediations and at the hearing on the petition for judicial review. In the addendum to the mediator's statement, the mediator stated that "HSBC . . . was identified as Beneficiary . . . and represented by Cuong Nguyen, Esq. of Pite Duncan, LLP." In the second mediation, the mediator indicated that "HSBC . . . was again identified as Beneficiary . . . and represented by Heather Hudson, Esq. of Pite Duncan, LLP." However, in responding to the Pasillases' petition for judicial review, the Pite Duncan law firm indicated that it was not counsel for HSBC. Specifically, the response opened with the following statement: "Respondents AMERICAN HOME MORTGAGE SERVICING, INC. ('AHMSI'), erroneously named herein as HSBC BANK USA AS TRUSTEE FOR LUMINENT MORTGAGE TRUST." Respondents also claimed that the Pasillases were "incorrect that Pite Duncan, LLP attended [the mediations] on behalf of HSBC." At oral argument before this court, respondents' counsel stated that they represented all of the respondents named in this case at the mediations, but they did not dispute the mediator's finding that respondents needed additional authority from investors to agree to a loan modification.

After both mediations were completed, the mediator filed a statement indicating that (1) "[t]he parties participated but were unable to agree to a loan modification or make other arrangements," (2) "[t]he beneficiary or his representative failed to participate in good faith," and (3) "[t]he beneficiary failed to bring to the mediation each document required." The mediator also filed an addendum to his statement, wherein he stated that two pages of the mortgage note were missing, that the assignment purportedly assigning the mortgage note and deed of trust to HSBC was incomplete, that instead of an appraisal HSBC provided a broker's price

---

[2]The parties do not argue and we do not reach the question of whether AHMSI is a valid agent for HSBC or the real party in interest, or the "person entitled to enforce" the promissory note in this case. *See In re Veal,* 450 B.R. 897, 915-18 (B.A.P. 9th Cir. 2011).

[3]These mediations were governed by the Foreclosure Mediation Rules (FMRs) as amended on November 4, 2009.

opinion,[4] and that respondents stated they would need additional investor approval before agreeing to a loan modification. The mediator concluded that he would not recommend that the administrator issue a certificate authorizing further foreclosure proceedings because HSBC "failed to participate in [the] mediation in good faith as evidenced by its failure to produce required documents and information initially, or subsequently to cure its failures." The Pasillases subsequently filed a petition for judicial review in the district court. In the petition, the Pasillases requested sanctions in the form of a modification of their mortgage and attorney fees.

The district court conducted a short hearing, during which the only issue addressed was the parties' failure to come to an agreement. The district court did not address whether respondents failed to provide the required documents at the mediation or whether respondents lacked the requisite authority at the mediation to modify the loan. After the hearing, the district court entered an order finding that "Respondent[s] [have] met the burden to show cause why sanctions should not lie," and directed the Foreclosure Mediation Program administrator to issue a certification authorizing the foreclosure to proceed. The Pasillases appealed.

## DISCUSSION

In resolving this appeal, we must determine whether the district court abused its discretion when it refused to enter sanctions against respondents for failing to satisfy express statutory requirements and allowed respondents to continue with the foreclosure process. We begin our discussion with a brief background of the Foreclosure Mediation Program.

### The Foreclosure Mediation Program

The Nevada Legislature enacted the Foreclosure Mediation Program in 2009 in response to the increasing number of foreclosures in this state. Hearing on A.B. 149 Before the Joint Comm. on Commerce and Labor, 75th Leg. (Nev., February 11, 2009) (testimony of Assemblywoman Barbara Buckley). The program requires that a trustee seeking to foreclose on an owner-occupied residence provide an election-of-mediation form along with the notice of default and election to sell. NRS 107.086(2)(a)(3). If the homeowner elects to mediate, both the homeowner and the deed of trust beneficiary must attend, must mediate in good faith, provide cer-

---

[4]We note that while FMR 11(7)(b) currently allows for a broker's price opinion in lieu of an appraisal, the rules applicable to this matter called for an appraisal without mention of a broker's price opinion. *In the Matter of the Adoption of Rules for Foreclosure Mediation*, ADKT 435 (Order Adopting Foreclosure Mediation Rules, June 30, 2009, and Order Amending Foreclosure Mediation Rules and Adopting Forms, November 4, 2009).

tain enumerated documents,[5] and, if the beneficiary attends through a representative, that person must have authority to modify the loan or have "access at all times during the mediation to a person with such authority." NRS 107.086(4), (5); FMR 5(7)(a). After the conclusion of the mediation, the mediator must file a mediator's statement with the program administrator, indicating whether all parties complied with the statute and rules governing the program. FMR 12(2). If the beneficiary does not (1) attend the mediation; (2) mediate in good faith; (3) provide the required documents; or (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person, the mediator is required to "submit . . . a petition and recommendation concerning the imposition of sanctions."[6] NRS 107.086(5). The homeowner may then file a petition for judicial review with the district court,[7] and the court "may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate." *See* FMR 5(7)(f).[8] But if the district court finds that the parties met the four program requirements, it will direct the program administrator to certify the mediation, allowing the foreclosure process to proceed. *See* NRS 107.086(2)(c)(2), (3), (6), (7).

*Respondents failed to meet the mediation program's statutory requirements*

The Pasillases argue that respondents failed to meet the program's requirements—the document requirement because respon-

---

[5]With regard to the documents required, NRS 107.086(4) provides that "[t]he beneficiary of the deed of trust shall bring to the mediation the original or a certified copy of the deed of trust, the mortgage note[,] and each assignment of the deed of trust or mortgage note." The FMRs echo this documentation requirement nearly word for word. FMR 5(7)(a). FMR 7(2) also provides that "[t]he beneficiary of the deed of trust or its representatives shall produce an appraisal . . . and shall prepare an estimate of the 'short sale' value of the residence."

[6]If the homeowner fails to attend the mediation, the administrator will certify that no mediation is required. NRS 107.086(6).

[7]Generally, if the parties fail to reach an agreement and neither party files a petition for judicial review, the program administrator will certify the mediation, which allows the foreclosure process to proceed. NRS 107.086(3), (6), (7).

[8]The current version of the FMRs requires the district court to review a case de novo when a party files a petition for judicial review. FMR 21(5) (rules including amendments through March 1, 2011). De novo review may include an evidentiary hearing concerning what transpired at the mediation. *See* *Black's Law Dictionary* 924 (9th ed. 2009) (defining "de novo judicial review" as "[a] court's nondeferential review of an administrative decision, usu[ally] through a review of the administrative record plus any additional evidence the parties present").

dents failed to bring a complete mortgage note and failed to provide assignments of the note and deed of trust, and the loan modification authority requirement because they failed to have someone present at the mediation with the authority to modify the loan. We agree.

The scope and meaning of a statute is a question of law, which we review de novo. *Arguello v. Sunset Station, Inc.*, 127 Nev. 365, 368, 252 P.3d 206, 208 (2011). Court rules are also subject to de novo review. *Moon v. McDonald Carano Wilson LLP*, 126 Nev. 510, 512, 245 P.3d 1138, 1139 (2010). "When the language in a provision is clear and unambiguous, this court gives 'effect to that meaning and will not consider outside sources beyond that statute.'" *City of Reno v. Citizens for Cold Springs*, 126 Nev. 263, 272, 236 P.3d 10, 16 (2010) (quoting *NAIW v. Nevada Self-Insurers Association*, 126 Nev. 74, 84, 225 P.3d 1265, 1271 (2010)).

Both NRS 107.086 and the FMRs use the word "shall" or "must" when listing the actions required of parties to a foreclosure mediation. Use of the word "shall" in both the statutory language and the FMRs indicates a duty on the part of the beneficiary, and this court has stated that "'shall' is mandatory unless the statute demands a different construction to carry out the clear intent of the legislature." *S.N.E.A. v. Daines*, 108 Nev. 15, 19, 824 P.2d 276, 278 (1992). Additionally, *Black's Law Dictionary* defines "shall" as meaning "imperative or mandatory. . . . inconsistent with a concept of discretion." 1375 (6th ed. 1990). And as it is used here, "must" is a synonym of "shall." We conclude that NRS 107.086(4) and (5) and FMR 5(7)(a) clearly and unambiguously mandate that the beneficiary of the deed of trust or its representative (1) attend the mediation, (2) mediate in good faith, (3) provide the required documents, and (4) have a person present with authority to modify the loan or access to such a person.

Here, the mediator's statement and his addendum to that statement, which were provided to the district court in the Pasillases' petition for judicial review, clearly set out respondents' failure to bring the required documents to the mediation and to have someone present with authority to modify the loan. Additionally, respondents do not dispute that they failed to bring all the required documents to the mediation.[9] Although respondents argue on ap-

---

[9]At oral argument, respondents' counsel argued that an assignment for the mortgage note was provided, but the name of the assignee was missing. We determine that an assignment provided without the name of the assignee is defective for the purposes of the Foreclosure Mediation Program because it does not identify the relevant parties.

The Supreme Judicial Court of Massachusetts recently reached the same conclusion regarding the production of assignments to mortgage notes and

peal that their counsel at the mediation "had the requisite authority and/or access to a person with the authority to modify the loan," they do not controvert the mediator's statement that their counsel claimed at the mediation that additional investor approval was needed in order to modify the loan. The record before the district court demonstrates that respondents failed to meet the statutory requirements. Nonetheless, respondents argue that the district court's conclusion that sanctions were unwarranted did not constitute an abuse of discretion because, despite the failures noted above, they mediated to resolve the foreclosure in good faith. We disagree.

### Standard of review

At the outset, we establish that we will review a district court's decision regarding the imposition of sanctions for a party's participation in the Foreclosure Mediation Program under an abuse of discretion standard. *See Arnold v. Kip,* 123 Nev. 410, 414, 168 P.3d 1050, 1052 (2007) (abuse of discretion standard used to review district court's imposition of sanctions on a party for discovery abuses); *Banks v. Sunrise Hospital,* 120 Nev. 822, 830, 102 P.3d 52, 58 (2004) (reviewing sanctions imposed for spoliation of evidence under an abuse of discretion standard). When determining whether the district court has abused its discretion in such cases, we do not focus on whether the court committed manifest

---

deeds of trust, albeit in a slightly different context. In *U.S. Bank National Ass'n v. Ibanez,* 941 N.E.2d 40 (Mass. 2011), two separate banks foreclosed on the mortgages of two homeowners whose properties the banks then bought at the foreclosure sales. *Id.* at 44. The banks later filed complaints in the lower court seeking a declaration that they had clear title to the properties. *Id.* Because the banks failed to show an interest in the mortgages at the time of the foreclosure sales, the sales were invalid, and the lower court entered judgment against the banks. *Id.* at 45. On appeal, the court determined that, similar to this case, the banks were not the original mortgagees and, therefore, they had to show that the mortgages were properly assigned to them in writings signed by the grantors before they could notice the sales and foreclosures of the properties. *Id.* at 51. In an attempt to prove that they had the authority to foreclose on the properties, the banks provided contracts purporting to assign to them bundles of mortgages; however, the attachments that identified what mortgages were being assigned were not included in the documents provided. *Id.* at 52. The court concluded that the banks demonstrated no authority to foreclose on the properties because they did not have the assignments. *Id.* at 53 ("We have long held that a conveyance of real property, such as a mortgage, that does not name the assignee conveys nothing and is void; we do not regard an assignment of land in blank as giving legal title in land to the bearer of the assignment."). The court additionally stated that "[a] plaintiff that cannot make this modest showing cannot justly proclaim that it was unfairly denied a declaration of clear title." *Id.* at 52. We agree with the rationale that valid assignments are needed when a beneficiary of a deed of trust seeks to foreclose on a property.

error, but rather we focus on whether the district court made any errors of law.

*Failure to satisfy statutory mandates is a sanctionable offense*

As discussed above, under NRS 107.086(5), there are four distinct violations a party to a foreclosure mediation can make: (1) "fail[ure] to attend the mediation," (2) "fail[ure] to participate in the mediation in good faith," (3) failure to "bring to the mediation each document required," and (4) failure to demonstrate "the authority or access to a person with the authority [to modify the loan]." If any one of these violations occurs, the mediator must recommend sanctions. *Id.* If the homeowner petitions for judicial review, "[t]he court may issue an order imposing such sanctions against the beneficiary of the deed of trust or the representative as the court determines appropriate." *Id.* We interpret NRS 107.086(5) to mean that the commission of any one of these four statutory violations prohibits the program administrator from certifying the foreclosure process to proceed and may also be sanctionable. *See Tarango v. SIIS*, 117 Nev. 444, 451 n.20, 25 P.3d 175, 180 n.20 (2001) (explaining that "may" can be interpreted as "shall" in order to carry out the Legislature's intent, which in the instant case was to make mandatory the requirements set forth in NRS 107.086(5)).

In this case, despite the mediator's opinion that respondents did not participate in the mediation in good faith based on their failure to comply with the FMRs, the district court did not impose sanctions and instead entered a Letter of Certification that allowed respondents to proceed with the foreclosure process on the Pasillases' property. The district court essentially ignored the fact that respondents failed to bring "to the mediation each document required" and did "not have the authority or access to a person with the authority" to modify the loan, failures which we determine constitute sanctionable offenses. Thus, the district court's order directing the program administrator to enter a letter of certification and its failure to consider sanctions was an abuse of discretion because respondents clearly violated NRS 107.086 and the FMRs.[10] This abuse requires us to remand the case for the district court to consider appropriate sanctions.

---

[10]Respondents argue that this court should decline to address the Pasillases' argument that respondents failed to provide someone at the mediation with the authority to modify the loan because it was not raised in the petition for judicial review. First, we note that our decision here would require the district court to impose sanctions even if respondents' only omission was the failure to provide the required documents. However, we determine that the Pasillases adequately raised this issue in their petition for judicial review by alleging that respondents' counsel at the mediations did not accurately state who they were representing. Therefore, our decision of the issue is appropriate.

The nature of the sanctions imposed on the beneficiary or its representative is within the discretion of the district court. We have previously listed factors to aid district courts when considering sanctions as punishment for litigation abuses. *See Young v. Johnny Ribeiro Building*, 106 Nev. 88, 93, 787 P.2d 777, 780 (1990); *see also Bahena v. Goodyear Tire & Rubber Co.*, 126 Nev. 243, 252-53, 235 P.3d 592, 598-99 (2010); *Arnold*, 123 Nev. at 415-16, 168 P.3d at 1053. However, we conclude that other factors, more specific to the foreclosure mediation context, apply when a district court is considering sanctions in such a case. When determining the sanctions to be imposed in a case brought pursuant to NRS 107.086 and the FMRs, district courts should consider the following nonexhaustive list of factors: whether the violations were intentional, the amount of prejudice to the nonviolating party, and the violating party's willingness to mitigate any harm by continuing meaningful negotiation.

Because, in this case, the foreclosing party's failure to bring the required documents to the mediation and to have someone present at the mediation with the authority to modify the loan were sanctionable offenses under the Foreclosure Mediation Program, the district court abused its discretion when it denied the Pasillases' petition for judicial review and ordered the program administrator to enter a letter of certification authorizing the foreclosure process to proceed. Therefore, we reverse the district court's order and remand this matter to the district court with instructions to determine the appropriate sanctions for respondents' violations of the statutory and rule-based requirements.

DOUGLAS, C.J., and CHERRY, SAITTA, GIBBONS, PICKERING, and PARRAGUIRRE, JJ., concur.