An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT HATHCOCK,
Appellant,
vs.
BANK OF AMERICA, N.A. AND WELLS
FARGO BANK, N.A.
Respondents.

No. 60021

**FILED**

MAR 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

After an unsuccessful mediation within the FMP, the mediator issued a mediator's statement noting no deficiencies. Appellant filed a petition for judicial review. After a hearing on the petition, the district court denied the petition for judicial review. This appeal followed.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person. NRS 107.086(4) and (5); Leyva v. National Default Servicing Corp., 127 Nev.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-07859

___, ___, 255 P.3d 1275, 1278-79 (2011). If the district court finds noncompliance, an FMP certificate must not issue. Holt v. Regional Trustee Services Corp., 127 Nev. ___, ___, 266 P.3d 602, 607 (2011). Absent factual or legal error, the choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the district court. Pasillas v. HSBC Bank USA, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011).

Appellant argues that the beneficiary of the deed of trust in this matter is Bank of America, but that Bank of America failed to attend the mediation.[1] NRS 107.086(4) specifically permits the beneficiary of a deed of trust to send a representative to the mediation. Here, based on the documents in the record on appeal, the subject loan was originated by Linear Financial. The promissory note and deed of trust were assigned to Wells Fargo, N.A., which in turn assigned the deed of trust "[t]ogether with the [n]ote" to Bank of America, N.A. Further, the note itself was endorsed in blank by Wells Fargo. See generally Edelstein v. Bank of New York Mellon, 128 Nev. ___, 286 P.3d 249 (2012) (discussing transfers of promissory notes and deeds of trust). Wells Fargo remained the servicer of the loan, on behalf of the beneficiary of the deed of trust, Bank of America. Wells Fargo also retained physical possession of the promissory note. Because Wells Fargo's assignment of the deed of trust carried with

---

[1]We direct the clerk of this court to amend the caption to conform with this order. Bank of America, N.A. is the beneficiary and holder of the note in this matter, and Wells Fargo Bank, N.A. is its servicer and attended the mediation as Bank of America's representative.

it the promissory note, Wells Fargo's continued possession of the note was in its capacity as servicer. As an agent, Wells Fargo's physical possession of the note provided actual possession of the note to its principal, Bank of America. Id. at ___, 286 P.3d at 261. Thus, when Wells Fargo attended the mediation, it did so as a representative of Bank of America, satisfying NRS 107.086(4)'s attendance requirement.

Appellant also argues that the Broker's Price Opinion (BPO) provided in lieu of an appraisal failed to meet the technical requirements set forth by FMR 11(7) (2011) (amended and renumbered FMR 11(11), effective January 1, 2013). While this court adopted a strict compliance standard for the production of core or essential documents related to the deed of trust and promissory note enumerated in NRS 107.086(4), see Pasillas, 127 Nev. at ___, 255 P.3d at 1285; Leyva, 127 Nev. at ___, 255 P.3d at 1277, 1279, we did not establish strict compliance for the individual contents of a BPO and other collateral documents required by the FMR. Here, Wells Fargo produced a BPO that substantially complied with the FMR and NRS 645.2515 (setting forth requirements for a BPO), and appellant has not demonstrated that any technical deficiencies had any prejudicial effect. Indeed, in the district court, appellant conceded that he was not challenging the value reflected in the BPO. Consequently, the district court properly concluded that the BPO was sufficient to satisfy the FMR requirements.

Appellant's final argument is that Wells Fargo's refusal to offer a loan modification demonstrated a lack of authority and bad faith participation. The district court found that each party to the mediation was dissatisfied with the document production, and that this resulted in a lack of results. Having considered the record and the arguments of the

parties, we perceive no error in the district court's determination that Wells Fargo's refusals to offer a modification was an appropriate business decision, due to appellant's failure to provide certain financial documents. Thus, unlike Pasillas where that beneficiary's representative needed additional authority to consider a modification, here, Wells Fargo, on behalf of Bank of America, had sufficient authority, and the district court properly found that the refusal to modify was not a manifestation of bad faith. See Pasillas, 127 Nev. at ___, 255 P.3d at 1286. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Eighth Judicial District Court, Department 14
       James S. Kent
       Tiffany & Bosco, P.A.
       Eighth District Court Clerk