An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES SUNDELL; AND JANET
SUNDELL,
Appellants,
vs.
SUNTRUST MORTGAGE, INC.; AND
U.S. BANK, AS TRUSTEE FOR CSMC-
2006-3 PASS THROUGH
CERTIFICATES,
Respondents.

No. 64636

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

The district court awarded appellants up to $2,500 in attorney fees as a sanction for respondents' failure to mediate in good faith. Given the finding of bad faith and respondents' rescission of the notice of default

14-30569

after the mediation, the district court properly did not order the issuance of an FMP certificate. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. ___, ___, 266 P.3d 602, 606 (2011). Appellants have appealed, contending that (1) the district court should have ordered respondents to produce the Pooling and Servicing Agreement (PSA) and scheduled an evidentiary hearing, and (2) the $2,500 sanction was insufficient even without production of the PSA.[1]

Appellants' first argument lacks merit, as the district court factored respondents' nonproduction of the PSA or any equivalent document permitted under FMR 11(7)(c) (2013) into its sanctions analysis. Moreover, the district court was within its discretion when it declined to extend the judicial review process to allow appellants to provide supplemental briefing on why this otherwise permissible representation may give rise to a conflict of interest. *See Edelstein*, 128 Nev. at ___ n.11, 286 P.3d at 260 n.11 (recognizing that a loan servicer may represent a deed of trust beneficiary at mediation); FMR 21(2) (2013) (providing the district court with the discretion to determine the extent to which an evidentiary hearing is necessary).

Appellants' second argument likewise lacks merit. Not only was the $2,500 award consistent with the mediator's recommendation,[2]

---

[1]Appellants also argue that it would not have been unconstitutional for the district court to modify appellants' loan as a sanction. Because nothing in the record suggests that the district court was considering such a sanction, we need not entertain this argument.

[2]Moreover, appellants explicitly requested $2,500 in attorney fees "for work done on the mediation." While appellants argue on appeal that the district court should also have awarded fees in connection with pursuing the petition for judicial review, the arguments in their petition extended far beyond simply seeking to recoup attorney fees for the unsuccessful mediation. Thus, the district court was within its discretion
*continued on next page...*

but appellants have failed to provide any explanation of why this award did not comport with the relevant FMP-sanction factors. *See Pasillas v. HSBC Bank USA*, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011) (indicating that, in the FMP context, relevant considerations include "whether the violations were intentional, the amount of prejudice to the nonviolating party, and the violating party's willingness to mitigate any harm by continuing meaningful negotiation"). Thus, we cannot conclude that the district court abused its discretion by declining to impose greater sanctions. *Id.* Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Lidia Stiglich, District Judge
       Geoffrey Lynn Giles
       Snell & Wilmer, LLP/Las Vegas
       Washoe District Court Clerk

---

*...continued*
in declining to award fees in connection with the judicial review process. *Pasillas v. HSBC Bank USA*, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011) (recognizing that the choice of sanctions in an FMP judicial review proceeding is committed to the sound discretion of the district court).