An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN M. AUGER; AND CATHERINE
A. AUGER, HUSBAND AND WIFE,
Appellants/Cross-Respondents,
vs.
US BANK NATIONAL ASSOCIATION,
AS TRUSTEE FOR MASTER
ADJUSTABLE RATE MORTGAGE
2004-13 BY ITS ATTORNEY IN FACT
WELLS FARGO BANK, N.A.,
SUCCESSOR BY MERGER TO WELLS
FARGO HOME MORTGAGES,
Respondents/Cross-Appellants.

No. 61486

FILED

SEP 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal and cross-appeal from a district court order denying in part a petition for judicial review of a foreclosure mediation program matter and awarding sanctions. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Upon receiving a notice of default on their home loan, appellants Kevin and Catherine Auger elected to participate in Nevada's Foreclosure Mediation Program. During mediation Wells Fargo Bank, N.A., produced a 2004 assignment of the deed of trust transferring its interest as trustee in the Master Adjustable Rate Mortgage 2004-13 (MARM) trust to J.P. Morgan. Wells Fargo also produced a 2011 assignment of the deed of trust, transferring its interest as trustee in the MARM trust to U.S. Bank National Association. Wells Fargo, acting as attorney in fact for MARM trustee U.S. Bank, represented U.S. Bank at the mediation. But Wells Fargo failed to produce documentation showing

SUPREME COURT
OF
NEVADA

(O) 1947A

15-28313

how the deed of trust was transferred back to Wells Fargo before its assignment to U.S. Bank.

After the mediation concluded without resolution, the Augers filed a petition for judicial review with the district court, seeking a determination that Wells Fargo had participated in the mediation in bad faith. The district court found that the assignments created confusion over whether the proper beneficiary was present and whether that party had authority to negotiate the loan modification. Despite finding that the assignments did not comply with the mediation program requirements, the court determined that Wells Fargo participated in good faith. However, the court sanctioned Wells Fargo in the amount of $15,000 for the existence of an alleged error in the 2004 assignment and a pattern of documentary mistakes. The court declared that it would order the issuance of a foreclosure certificate once the sanctions were paid. Payment has been stayed pending the outcome of this appeal. The Augers and U.S. Bank, through Wells Fargo, now appeal and cross-appeal, respectively, the district court's order.

The Augers argue that they were denied a meaningful mediation because Wells Fargo failed to bring accurate documentation of the assignments to the mediation. When participating in foreclosure mediation, a deed of trust beneficiary must: (1) attend, (2) participate in good faith, (3) bring all required documents, and (4) if attending through a representative, have a person present, or have access to a person, with authority to modify the loan. *Pasillas v. HSBC Bank USA*, 127 Nev., Adv. Op. 39, 255 P.3d 1281, 1285 (2011); *see also* NRS 107.086(5). Those required documents include "the original or a certified copy of the deed of trust, the mortgage note and each assignment of the deed of trust or

mortgage note." NRS 107.086(5). If the district court finds noncompliance with the aforementioned requirements, a certificate of completion must not issue. *Pasillas*, 127 Nev., Adv. Op. 39, 255 P.3d at 1286 (noting that failure to comply with any of these four requirements is a statutory violation, which would "prohibit[ ] the program administrator from certifying the foreclosure process to proceed and may also be sanctionable"); *see Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev., Adv. Op. 80, 266 P.3d 602, 607 (2011) (stating that "denial of [a] foreclosure mediation program] certificate follows automatically from a finding [that] the statutory [program] requirements have been shirked").

The district court found that Wells Fargo did not strictly comply with the mediation program requirements because it failed to produce an assignment document showing that J.P. Morgan had transferred its interest back to Wells Fargo before assigning it to U.S. Bank. Nevertheless, the district court found that Wells Fargo's noncompliance did not preclude the issuance of a certificate of completion.

We conclude that the district court erred in ordering a mediation certificate to be issued after it expressly found noncompliance with NRS 107.086(5). Wells Fargo did not produce the assignments as required by NRS 107.086(5) and, thus, the Augers were denied a meaningful mediation. There was clearly a missing assignment and some confusion about whether Wells Fargo had authority to negotiate the loan modification. Specifically, documents evidencing a post-2004 assignment from J.P. Morgan to Wells Fargo/Wachovia, or showing that Wells Fargo was the proper representative of the beneficiary of the deed of trust, were not before the foreclosure mediation.

Because Wells Fargo violated the statutory foreclosure mediation requirements, the certificate of completion should not have been issued. *Holt*, 127 Nev., Adv. Op. 80, 266 P.3d at 607. We therefore remand this matter to the district court with instructions to order a new mediation and we decline to reach the parties' other arguments. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

cc:    Second Judicial District Court Dept. 8
Hon. Patrick Flanagan, District Judge
Mark L. Mausert
Snell & Wilmer, LLP/Las Vegas
Attorney General/Carson City
Washoe District Court Clerk