# IN THE SUPREME COURT OF THE STATE OF NEVADA

RALPH STEPHEN COPPOLA,
TRUSTEE OF THE R.S. COPPOLA
TRUST DATED OCTOBER 19, 1995, AS
MOST RECENTLY AMENDED ON
SEPTEMBER 13, 2001,
Appellant,
vs.
WELLS FARGO BANK, N.A.,
Respondent.

No. 81007

FILED

SEP 28 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying appellant's petition for judicial review, and granting respondent's request for appropriate relief, in a foreclosure mediation matter. Second Judicial District Court, Washoe County; Kathleen M. Drakulich, Judge.

Respondent Wells Fargo Bank, N.A., has been attempting to foreclose on appellant Ralph Coppola's home for several years. The parties have participated in multiple unsuccessful mediations through Nevada's Foreclosure Mediation Program (FMP). Following their most recent mediation failure, Coppola argued that Wells Fargo had violated the FMP rules (FMRs) and failed to participate in the mediation in good faith, such that sanctions (including setting aside the foreclosure action and a declaration prohibiting any further foreclosure attempts until Coppola "reaches age 62 1/2") were warranted. The mediator agreed that Wells Fargo had failed to participate in good faith based on its failure to comply with certain FMRs and thus declined to issue the FMP certificate that Wells Fargo required to proceed to foreclosure. The mediator also declined to recommend the specific sanctions Coppola sought.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-30457

Coppola petitioned for judicial review, asking that the district court impose the additional sanctions the mediator did not recommend. Wells Fargo, in turn, argued it had followed the FMRs and participated in good faith, moving for appropriate relief in the form of the FMP certificate. The district court determined that Wells Fargo had complied with the FMRs and participated in good faith, and denied Coppola's petition while granting Wells Fargo's motion. This appeal followed.

This court reviews the scope and meaning of the FMRs de novo. *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 467, 255 P.3d 1281, 1285 (2011). The question of an FMP party's good faith is one of fact that we review deferentially, *Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998) (noting that the question of good faith is one of fact), and to which a party's compliance with or violation of the FMRs can signal an answer, *see Markowitz v. Saxon Special Servicing*, 129 Nev. 660, 666, 310 P.3d 569, 572 (2013) (noting that "providing the appraisal is one indicator that the trust-deed beneficiary participated in the mediation in good faith"). Absent error in the district court's findings regarding a party's FMR compliance and good-faith participation, the district court's choice of sanction in an FMP proceeding is committed to the district court's sound discretion. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 522, 286 P.3d 249, 260 (2012); *Pasillas*, 127 Nev. at 469, 255 P.3d at 1286-87 (holding that the district court's directing the program administrator to "enter a letter of certification and its failure to consider sanctions was an abuse of discretion because respondents clearly violated . . . the FMRs").

Coppola argues that Wells Fargo failed to act in good faith because the bank provided him with an oral short sale estimate rather than

SUPREME COURT
OF
NEVADA

(O) 1947A

one in writing. According to Coppola, FMR 13(10) mandates the latter. But this does not follow from FMR 13(10)'s text, which only provides that "[t]he beneficiary of the deed of trust or its representative . . . *shall prepare an estimate* of the 'short sale' value of the residence that it may be willing to consider as a part of the negotiation if loan modification is not agreed upon." (Emphasis added.) *Cf. Nelson v. Eighth Judicial Dist. Court*, 137 Nev. 139, 141, 484 P.3d 270, 272 (2021) (noting that "rules of statutory construction apply to court rules" (alteration and internal quotation marks omitted)). True, if the beneficiary of a deed of trust prepares a short sale estimate, then writing would be the preferrable form (to avoid, for instance, as initially happened here, an argument over the precise amount).[1] But neither the operative verb in FMR 13(10)—"prepare"—nor noun—"estimate"—definitively allude to a written proposal. *Estimate, Merriam-Webster's Collegiate Dictionary* (11th ed. 2007) (defining "estimate" without reference to form, as "an opinion or judgment of the nature, character, or quality of a person or thing"); *Prepare, id.* (defining "prepare" as "to make ready beforehand for some purpose"). And as a general proposition, this court does not add requirements beyond those the text states. *Cf.* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 93 (2012) (discussing the omitted-case canon).

Neither Coppola nor our independent research has highlighted any reason to read FMR 13(10) differently. *Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 117 Nev. 835, 840, 34 P.3d 546, 550 (2001)

---

[1]Coppola initially disputed the amount of the short sale estimate given, but at oral argument before this court conceded it was $620,000, while what was due on the unpaid balance was more than $700,000.

(noting general rule that "when a statute is susceptible to but one natural or honest construction, that alone is the construction that can be given" (internal quotation marks omitted)); *cf. Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that it is an appellant's responsibility to support their position with cogent argument and legal authority). Indeed, where the FMRs require a writing, they do so expressly. *See, e.g.*, FMR 10(2) ("For any owner-occupied property located in Nevada where a Notice of Default is recorded and the homeowner has failed to file a Petition for Mediation Assistance within the time frame pursuant to Rule 8, the homeowner and beneficiary of the deed of trust *may agree in writing* to participate in the Foreclosure Mediation Program." (emphasis added)); FMR 16(1) (requiring that a request for a continuance be "in writing"); FMR 18(1) (requiring that any temporary modification to the terms of the parties' loan agreement "be in writing"). Likewise, the FMRs do not include a short sale estimate as one of the enumerated "documents" that the beneficiary of the deed of trust must disclose at least ten days before the mediation. *See* FMR 13(7) (requiring the production of certain enumerated "documents," of which the short sale estimate is not one); *cf. Document, Black's Law Dictionary* (11th ed. 2019) (defining "document" as "[s]omething tangible on which words, symbols, or marks are recorded"). Accordingly, the district court did not err by finding that Wells Fargo's oral offer satisfied any obligation it had to Coppola under FMR 13(10).

Beyond this, Coppola suggests that it was bad faith for Wells Fargo to have obtained a second appraisal following the parties' stipulated continuance of the FMP process, which Wells Fargo provided to Coppola less than ten days prior to the continued mediation date. *See* FMR 13(7)(f)

(requiring that the beneficiary of the deed of trust supply an appraisal of the property to be foreclosed "not more than 60 days old" at least 10 days prior to the mediation).[2] This second appraisal considered the interior of the home and resulted in a reduction of the estimated value of his property. Despite that Wells Fargo did not provide Coppola with the second appraisal in compliance with FMR 13(7)(f), Wells Fargo appears to have based its ultimate short sale estimate on it. But Coppola himself requested this second appraisal, and Wells Fargo's delay in disclosure resulted from Coppola not having given the bank timely access to his home. In light of these facts, we are not positioned to find that Wells Fargo violated FMR 13(7)(f) and acted in bad faith when the district court did not. *Cf. Edelstein*, 128 Nev. at 521-22, 286 P.3d at 260.

Coppola also suggests that the amount of Wells Fargo's short-sale estimate—which exceeded the value of Wells Fargo's appraisals, but which, Coppola admitted at oral argument before this court, was less than the amount Coppola then owed—means the bank participated in bad faith. Wells Fargo points to *Shaw*, wherein the United States Court of Appeals for the Ninth Circuit defined a short sale as "a real estate transaction in which the property serving as collateral for a mortgage is sold for *less than the outstanding balance on the secured loan*, and the mortgage lender agrees to

---

[2]Coppola waived any argument on appeal that Wells Fargo's first appraisal was either too old or inaccurate under FMR 13(7). As noted, the parties stipulated to a continuance of the mediation which specifically provided that "[d]ue to the continuance, [Wells Fargo] is not required to produce a new Broker's Price Opinion or Appraisal before the next hearing." And the FMRs do not mandate that an appraisal assess the interior of a property; what matters is that it "ensure that the fair market value of the property is known to both parties to the mediation." *Markowitz*, 129 Nev. at 666, 310 P.3d at 573.

discount the loan balance because of a consumer's economic distress." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 752 (9th Cir. 2018) (emphasis added). And Coppola has not directed us to any caselaw or relevant authority that would define a short sale as he suggests—based on the value of the property, rather than the amount owed. *Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38. Indeed, independent research suggests that courts generally define a short sale in the latter terms, in accord with *Shaw*. *See, e.g.*, Baxter Dunaway, 6 *The Law of Distressed Real Estate: Foreclosure Workouts Procedures* § 65:15 (2022) (noting that in a short sale the deficiency judgment is the difference between the outstanding debt and the sales price).

Even setting aside the lack of support for Coppola's understanding of a short sale, Coppola admitted at oral argument that he would have rejected one no matter the estimate amount. Instead, what Coppola wanted was a loan modification on more favorable terms. This negates Coppola's argument that to participate in the FMP in good faith Wells Fargo had to provide him with a short sale estimate, differently calculated. The law does not require Wells Fargo to undertake a "vain and futile thing." *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 136 Nev. 62, 66, 458 P.3d 348, 351 (2020) (citing, in the context of the futility excuse for superpriority tender requirements, *Schmitt v. Sapp*, 223 P.2d 403, 406-07 (Ariz. 1950)).

We are also unpersuaded by the remainder of Coppola's arguments on appeal. Coppola claims that the district court did not make findings as to whether Wells Fargo brought copies of the note, deed of trust, and assignments as required by NRS 107.086 and FMR 13(7)(a) and (b). But the district court's order actually states that Coppola's arguments on

this front are "unsupported by the record" and/or "unpersuasive," correctly, since the mediator's statement left unmarked the boxes that would identify those documents as missing. As to Coppola's claim that Wells Fargo's representatives at the mediation lacked sufficient authority to participate in the FMP: Wells Fargo issued and provided a letter giving limited power of attorney to a law firm, Tiffany & Bosco, which provided written authority for attorney Stephen Wassner to appear as local counsel in FMP mediations; and Joshua Ring, a Wells Fargo underwriter, seems to have had authority to modify the terms of Coppola's loan as well. *Cf.* Amanda Martin, *Litigating Consumer Protection Acts in the HAMP Context*, 38 Seattle Univ. L. Rev. 739, 744 (2015) (noting that, in the HAMP context, a bank's underwriting department reviews loan modification applications).

Accordingly, the district court's findings of no FMR violations or bad faith on Wells Fargo's part are supported by the law and the record. The district court did not abuse its discretion by issuing the FMP certificate or denying the additional sanctions that Coppola requested. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Silver

_____, J.
Cadish

_____, J.
Pickering

cc: Hon. Kathleen M. Drakulich, District Judge
Legal Aid Center of Southern Nevada, Inc.
Snell & Wilmer LLP/Salt Lake City
Snell & Wilmer, LLP/Tucson
Snell & Wilmer, LLP/Las Vegas
Washoe District Court Clerk