ARTHUR EINHORN, Appellant, v.
BAC HOME LOANS SERVICING, LP, Respondent.

No. 57875

December 6, 2012                                  290 P.3d 249

*Crosby & Associates* and *David M. Crosby* and *Troy S. Fox*, Las Vegas, for Appellant.

*Akerman Senterfitt, LLP*, and *Ariel E. Stern, Heidi Parry Stern*, and *Shannon M. Gallo*, Las Vegas, for Respondent.

Before GIBBONS, PICKERING and HARDESTY, JJ.

## OPINION

By the Court, PICKERING, J.:

This appeal arises out of the Nevada Foreclosure Mediation Program (FMP). When mediation did not produce a loan modification, appellant Arthur Einhorn filed a petition for judicial review in district court. The petition asked for sanctions against respondent BAC Home Loans Servicing, LP (BAC), alleging that BAC

failed to comply with the FMP's document production and good faith requirements. *See* NRS 107.086(4). After briefing and argument, the district court rejected Einhorn's petition. It found "no irregularity as to the submitted documents"; that BAC "has met [its] burden of showing a lack of bad faith"; and ordered that, "absent a timely appeal, a Letter of Certification will issue." We affirm.

I.

If a Nevada homeowner elects FMP mediation, as Einhorn did, a non-judicial foreclosure on an owner-occupied residence cannot proceed without an FMP certificate that mediation has concluded or been waived. *Holt v. Regional Trustee Services Corp.*, 127 Nev. 886, 888, 266 P.3d 602, 603 (2011). The goal is to bring the trust-deed beneficiary and the homeowner together to participate in a meaningful negotiation. *Id.* at 893, 266 P.3d at 607. To that end, the statute obligates the trust-deed beneficiary (or its representative) to "(1) attend the mediation; (2) mediate in good faith; (3) provide the required documents; [and] (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person." *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 466, 255 P.3d 1281, 1284 (2011) (citing NRS 107.086(4) and (5) and FMR 5(7)(a)).

A.

This appeal centers on the document production requirement, item 3 in *Pasillas*'s list. This requirement originates in NRS 107.086(4), which states: "The beneficiary of the deed of trust shall bring to the mediation the original or a certified copy of the deed of trust, the mortgage note and each assignment of the deed of trust or mortgage note." Having these documents available at the mediation allows the mediator and the homeowner to satisfy themselves "that whoever is foreclosing actually owns the note and has authority to modify the loan," *Leyva v. National Default Servicing Corp.*, 127 Nev. 470, 476, 255 P.3d 1275, 1279 (2011) (internal quotations omitted), and, further, that the party seeking the FMP certificate "is the proper entity, under the nonjudicial foreclosure statutes, to proceed against the property." *Edelstein v. Bank of New York Mellon*, 128 Nev. 505, 514, 286 P.3d 249, 255 (2012) (citing NRS 107.086(4)).

Although he did not find bad faith, the mediator's statement reports that BAC "failed to bring to the mediation each document required," citing a gap in the assignments and an early lost note certification seemingly at odds with the trustee's certified claim to currently possess the original. The district court did not agree.

Its findings of fact, conclusions of law, and order find that BAC's "Certification of Documents [establishes that] the original Deed of Trust, Promissory Note and the missing Assignment of Promissory Note and/or Deed of Trust [are in BAC's] possession" and conclude that there is "no irregularity as to the submitted documents."

BAC's "certification of documents" is signed by Sheila Wooten, who works for BAC's trustee. In it, she attests[1] that she has the originals and attaches true copies of the following documents: (1) Einhorn's August 30, 2006, note payable to the order of Countrywide Home Loans, Inc. (Countrywide); (2) a deed of trust of even date, naming Countrywide as "Lender" and MERS, "acting solely as a nominee for Lender and Lender's successors and assigns," as "beneficiary"; (3) Countrywide's September 12, 2006, "Lost Note Certification" stating that the original note had been "misplaced, lost or destroyed"; and (4) an assignment dated September 9, 2010, in which Deutsche Bank National Trust Company as Trustee for the HSI Asset Loan Obligation Trust 2007-AR1 "grants, assigns and transfer[s] to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP all beneficial interest under [the Einhorn deed of trust] together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said deed of trust/mortgage."

A district court's factual findings in the FMP setting receive the same appellate deference as in other settings, *Edelstein*, 128 Nev. at 521-22, 286 P.3d at 260, and " 'will be upheld if not clearly erroneous and if supported by substantial evidence.' " *Id.* (quoting *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009)). Generous though this standard is, we reject the district court's finding of "no irregularity" in BAC's certified document production. As BAC itself concedes, its production omitted a key assignment,[2] to wit: the assignment by which "Deutsche Bank National

---

[1]Einhorn objects to the notary's failure to establish that Wooten was sworn before she signed the certification. This argument fails because Wooten attests to the truth of her statements under penalty of perjury. *See* NRS 53.045 (signed declaration under penalty of perjury as to the existence or truth of a matter is the equivalent of an affidavit); *Buckwalter v. Dist. Ct.*, 126 Nev. 200, 202, 234 P.3d 920, 921-22 (2010). We also note that, as in *Edelstein*, the servicer's appearance on behalf of the beneficiary and the trustee's possession of the note and deed of trust as agent for the beneficiary are developed as issues on appeal. 128 Nev. at 521 n.11, 522, 286 P.3d at 260 n.11, 261-62 (approving the servicer's appearance as a representative for the beneficiary consistent with NRS 107.086(4)).

[2]The Wooten certificate states that "the attached . . . documents" are from the file maintained as "Loan No 144412057" and "are true and correct copies of the original promissory note, deed of trust, and each assignment of

Trust Company as Trustee for the HSI Asset Loan Obligation Trust 2007-AR1'' obtained rights to enforce the note (or certificate of lost note) and deed of trust.[3] Without this assignment, Deutsche Bank had nothing to assign to BAC. NRS 111.205(1) (requiring a signed writing to demonstrate a transfer in interest in land); *Leyva*, 127 Nev. at 477, 255 P.3d at 1279.

## B.

Although BAC's production lacked a key assignment, Einhorn filled in the gap. His lawyer obtained a copy of the Countrywide/ MERS→Deutsche Bank assignment from the county recorder and brought it, first, to the mediation and, later, to the hearing in district court. In it, MERS ''grants, assigns and transfer[s] to Deutsche Bank National Trust Company as Trustee for the HSI Asset Loan Obligation Trust 2007-AR1 all beneficial interest under [the Einhorn deed of trust] together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said deed of trust/mortgage.'' The assignment is signed by an ''assistant secretary'' of MERS, Angela Nava. Her signature is acknowledged and notarized. The notary recites that ''Angela Nava, [MERS] Ass't Secretary'' is ''know[n] to me (or proved to me . . . through TX DL [driver's license]) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me

---

the promissory note and/or deed of trust in my actual possession as an employee of [the trustee].'' Since the assignment by which Deutsche Bank came into the chain of title is not attached, the only fair inference to be drawn is that the trustee did not have that assignment in its possession to certify.

[3]BAC argues that we do not need to consider the assignments because Countrywide and BAC are one and the same entity. The argument goes that, although the note is made payable to the order of Countrywide and has never been endorsed, BAC is Countrywide and is entitled to enforce the note and the deed of trust as the owner in possession of both. In its answering brief, BAC states:

> After the date of the note but prior to [the] date of the mediation, Countrywide's parent company became a wholly owned subsidiary of Bank of America Corporation via merger. BAC Home Loans Servicing, LP was, at the time of the mediation, the loan servicing arm of Bank of America Corporation and was servicing Einhorn's loan at that time.[4] As Bank of America was the successor in interest to Countrywide, there is no need for an endorsement of Countrywide's note to BAC.

> [4]BAC has since merged into Bank of America, NA, which is wholly owned by Bank of America Corporation.

BAC offers no record cites for this argument, which it did not make in the district court. A party may not raise ''new issues, factual and legal, that were not presented to the district court . . . that neither [the opposing party] nor the district court had the opportunity to address.'' *Schuck v. Signature Flight Support*, 126 Nev. 434, 437, 245 P.3d 542, 545 (2010).

that . . . she executed the same for the purposes and consideration therein expressed."[4]

Under *Edelstein*, the Countrywide/MERS→Deutsche Bank assignment establishes BAC's status as "a person entitled to enforce" the note, NRS 104.3301, and to foreclose the deed of trust. The deed of trust authorized MERS to transfer the deed of trust and, with it, the right to enforce the note. *Edelstein*, 128 P.3d at 521-22, 286 P.3d at 260-61. The assignment Einhorn supplied demonstrates the transfer from MERS to Deutsche Bank. This in turn establishes Deutsche Bank's authority to transfer the deed of trust and right to enforce the note to BAC, as evidenced by the assignment BAC produced. *Id.* The district court found, based on BAC's certification, that BAC's agent possessed the originals of the note, the certificate of lost note, and the deed of trust.[5] Possession, combined with the transfers evidenced by the two assignments, constitutes prima facie evidence of BAC's entitlement to participate in the mediation as the person entitled to enforce the note and to foreclose on the property. *Id.* at 523-24, 286 P.3d at 261-62.[6]

---

[4]Einhorn's concern that Nava signed the assignment on October 23 while the acknowledgment was not taken until October 30 is not supported by citation to authority, *but see* NRAP 28(a)(9)(A) (citation of authorities required), and appears misplaced. The notary acknowledges Nava's identity and the date on which Nava proved herself to be the person whose signature is on the assignment; this may be the same or a later date than the date the instrument was signed. *See* 2010 Unif. Notarial Act § 2 comment, 14 U.L.A. 9 (Supp. 2012) ("It is a common practice for the acknowledging individual to sign the record in the presence of the notarial officer. However, actually signing the record in the presence of the notarial officer is not necessary as long as the individual declares, while in the presence of the officer at that time the acknowledgment is made, that the signature already on the record is, in fact, the signature of the individual."). Also unremarkable is Nava's dual role as an assistant secretary to both MERS and Deutsche Bank. "MERS relies on its members to have someone on their own staff become a MERS officer with the authority to sign documents on behalf of MERS. As a result, most of the actions taken in MERS's own name are carried out by staff at the companies that sell and buy the beneficial interest in the loans." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (citations omitted).

[5]NRS 104.3309 provides for the enforcement of lost, destroyed, or stolen instruments, the rights to which may be assigned. *See In re Caddo Parish-Villas South, Ltd.*, 250 F.3d 300, 302 (5th Cir. 2001). The district court found BAC possessed the original of both the note and the certificate of lost note and rejected Einhorn's suggestion that this signified anything more than the lost note resurfacing at some point. Since the district court's finding of BAC's agent's possession of both originals rests on substantial evidence, we perceive no issue of material fact as to the presence of both in BAC's certified production.

[6]*Edelstein* adopts the position taken in the Restatement (Third) of Property: Mortgages section 5.4(b) (1997) that, "except as otherwise required by the Uniform Commercial Code, a transfer of a [deed of trust] also transfers the obligation the [deed of trust] secures unless the parties to the transfer agree oth-

Citing *Leyva*, Einhorn argues that BAC should not be able to fill a gap in its document production with an assignment he produced. *Leyva* resembles this case in that the beneficiary failed to bring a key assignment to the mediation. 127 Nev. at 476-77, 255 P.3d at 1279. But in *Leyva*, unlike this case, the key assignment was completely missing; the beneficiary argued that ''because it provided . . . a notarized statement from its employee claiming that it was the rightful owner of the deed of trust, no written assignment was necessary.'' *Id.* We rejected the argument that an affidavit attesting that there had been an assignment could substitute for the written assignment itself:

> [T]o prove that MortgageIT properly assigned its interest in land via the deed of trust to Wells Fargo, Wells Fargo needed to provide a signed writing from MortgageIT demonstrating that transfer of interest. No such assignment was provided at the mediation or to the district court, and the statement from Wells Fargo [attesting to the existence of such an assignment] is insufficient proof of assignment. Absent a proper assignment of [the] deed of trust, Wells Fargo lacks standing to pursue foreclosure proceedings against Leyva.

*Id.*

NRS 107.086(4) uses the mandatory ''shall'' to express its requirement that ''each assignment of the deed of trust or mortgage note'' be presented at the mediation. Its purpose is ''to ensure that whoever is foreclosing 'actually owns the note' and has authority to modify the loan.'' *Leyva*, 127 Nev. at 476, 255 P.3d at 1279 (quoting Hearing on A.B. 149 Before the Joint Comm. on Commerce and Labor, 75th Leg. (Nev., February 11, 2009) (testimony of Assemblywoman Barbara Buckley)). That purpose is not achieved if key documents, whose production the Legislature has mandated, are missing. For these reasons, *Leyva* holds that ''strict compliance'' with NRS 107.086(4) is required. *Id.* Of note, NRS 107.086(5) says that the district court ''may'' impose sanctions for violations of NRS 107.086(4) and (5), a discretionary determination this court reviews for abuse. *Id.* at 480, 255 P.3d at 1281. Despite this deferential standard, *Leyva* reversed the district court's decision to issue an FMP certificate. We deemed it an abuse of discretion to allow the foreclosure to proceed without the documents needed to determine who could enforce and therefore negotiate with respect to the note and proceed with foreclosure of the deed of trust. *Id.*

---

erwise.'' *Edelstein*, 128 Nev. at 518, 286 P.3d at 258. Thus, the conclusion stated in the text follows even though the note is made payable to the order of Countrywide and bears no endorsements, since BAC's agent has possession of the original note.

As noted, this case differs from *Leyva* in that the homeowner brought the missing assignment needed to make the chain of transfers complete. Thus, the note, deed of trust, and "each assignment of the deed of trust or mortgage note" were available at the mediation and in the district court. But Einhorn takes a literalist's view. He stresses that NRS 107.086(4) provides that "*[t]he beneficiary* of the deed of trust *shall bring* to the mediation *the original or a certified copy of* the deed of trust, the mortgage note and *each assignment* of the deed of trust or mortgage note." (Emphases added.) Since *the beneficiary* (BAC) did not produce all assignments, Einhorn argues that BAC failed to strictly comply with NRS 107.086(4), as required by *Leyva*, and sanctions mandatorily follow. Relatedly, Einhorn objects that the Countrywide/ MERS→Deutsche Bank assignment, while acknowledged, is not certified.

We reject Einhorn's arguments. "[A] court's requirement for strict or substantial compliance may vary depending on the specific circumstances." *Leven v. Frey*, 123 Nev. 399, 407, 168 P.3d 712, 717 (2007). In general, " 'time and manner' requirements are strictly construed, whereas substantial compliance may be sufficient for 'form and content' requirements." *Id.* at 408, 168 P.3d at 718; *see id.* at 408 n.31, 168 P.3d at 718 n.31 (noting that one part of a statute can be "subject to strict compliance, even though other aspects of the statutory scheme were subject to review for substantial compliance"). Furthermore, strict compliance does not mean absurd compliance. *Pellegrini v. State*, 117 Nev. 860, 874, 34 P.3d 519, 528 (2001) ("[W]e must construe statutory language to avoid absurd or unreasonable results . . . ."); 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46:2, at 162 (7th ed. 2007) ("Statutes should be read sensibly rather than literally and controlling legislative intent should be presumed to be consonant with reason and good discretion.").

In NRS 107.086(4), the Legislature directed that certified copies of the note, deed of trust, and all assignments be present at the mediation to ensure that the party seeking to foreclose is the person entitled to enforce the note and to proceed with foreclosure and hence the party authorized to negotiate a modification of either or both. While *Leyva* properly holds that strict compliance with the statute's document mandate is required, who brings which documents, assuming they are all present, authenticated, and accounted for, is a matter of "form." *Leven*, 123 Nev. at 408, 168 P.3d at 718. Only if a specified document is missing does it matter who had the burden of providing it.

Here, Einhorn brought the missing assignment needed to complete BAC's chain of title. Since the assignment includes a certificate of acknowledgment before a notary public, it carries a presumption of authenticity, NRS 52.165, that makes it "self-authenticating." 31 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure: Federal Rules of Evidence* § 7142, at 259 (2000) (discussing Fed. R. Evid. 902(8), an earlier draft of which Nevada adopted, with slight modifications, as NRS 52.165); *see Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 957 N.E.2d 790, 798 (Ohio Ct. App. 2011) (deeming notarized assignments to be self-authenticating under Ohio's version of Fed. R. Evid. 902(8)), *reversed on other grounds by Fed. Home Loan Mtge. v. Schwartzwald*, 979 N.E.2d 1214 (Ohio 2012). Furthermore, as Einhorn's attorney advised the district court, he obtained his copy of the assignment from the county recorder's office, which "is sufficient to authenticate the writing." NRS 52.085.

All documents needed to determine BAC's entitlement to enforce the note and to foreclose thus were authenticated and present. If Einhorn had not supplied the missing assignment, the minimum sanction of withholding from BAC the FMP certificate needed to foreclose would have followed automatically. *Leyva*, 127 Nev. at 472, 255 P.3d at 1276; *see Holt*, 127 Nev. at 893, 266 P.3d at 607; *Pasillas*, 127 Nev. at 465-66, 255 P.3d at 1286-87. But with all documents present, strict compliance with NRS 107.086(4)'s purposive requirements was achieved. To make the outcome turn on who brought the documents, the authenticity of which was adequately established under conventional rules of evidence, exalts literalism for no practical purpose. Neither *Leyva* nor NRS 107.086(4) can fairly be carried that far. BAC's failure to bring the assignment did not prejudice Einhorn or the mediation. Thus, we conclude that the district court did not abuse its discretion in denying sanctions and allowing the FMP certificate to issue. *See Leyva*, 127 Nev. at 480 n.10, 255 P.3d at 1281 n.10.

## II.

We also reject Einhorn's other assignments of error. The district court's findings that BAC provided a proper appraisal and participated in good faith have substantial evidentiary support.

We therefore affirm.

GIBBONS and HARDESTY, JJ., concur.