An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DINA WERNER,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A.,<br>Respondent. | No. 60632<br><br>**FILED**<br><br>MAR 15 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY _____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; J. Charles Thompson, Judge.

After an unsuccessful mediation, appellant filed a petition for judicial review in the district court, contending that respondent failed to meet its document production requirements. After briefing and a hearing on the petition, the district court denied the petition for judicial review, concluding that respondent had met its burdens under NRS 107.086. This appeal followed.

This court reviews a district court's factual determinations deferentially, Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"), and its legal determinations de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). Absent factual or legal error, the choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the

13-07903

district court. <u>Pasillas v. HSBC Bank USA</u>, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such a person. NRS 107.086(4), (5); <u>Leyva v. National Default Servicing Corp.</u>, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant's sole argument on appeal is that the documents are deficient under FMR 11(4) (2011) (amended and renumbered FMR 11(8), effective January 1, 2013). The certification respondent provided along with the certified copy of the assignment of the deed of trust does not expressly state that the declarant is in possession of the "original" assignment of the deed of trust. Rather, the certification states that the declarant is in possession of "an assignment of the mortgage note and/or deed of trust," with no representation as to its original status. Our holding in <u>Einhorn v. BAC Home Loans Servicing, LP</u>, 128 Nev. ___, 290 P.3d 249 (2012), controls here. The omission of the word "original" from the certification is a matter of "form and content," for which substantial compliance may be sufficient. <u>Id.</u> at ___, 290 P.3d at 254 (citing <u>Leven v. Frey</u>, 123 Nev. 399, 408, 168 P.3d 712, 718 (2007)); <u>see also</u> <u>Leyva</u>, 127 Nev. at ___, 255 P.3d at 1278-79 (setting forth test for determining whether strict or substantial compliance satisfies FMP requirements and determining that the production of the documents required strict compliance to ensure that proper party is foreclosing). Respondent brought all the required documents, strictly complying with NRS 107.086(4). <u>Leyva</u>, 127 Nev. at ___, 255 P.3d at 1278-79. Respondent provided a certified copy of the assignment of the deed of trust from the

county recorder's office, demonstrating proper authority to foreclose. See NRS 52.085; Einhorn, 128 Nev. at ___, 290 P.3d at 254. Appellant does not challenge the validity of the assignment, nor does she demonstrate any possible prejudice in the omission of the word "original." To mandate sanctions solely because the certification omitted the word "original" would "exalt [] literalism for no practical purpose." Einhorn, 128 Nev. at ___, 290 P.3d at 254. Thus, we conclude that the district court did not abuse its discretion in denying sanctions and allowing the FMP certificate to issue. Id. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:     Chief Judge, The Eighth Judicial District Court
        Hon. J. Charles Thompson, Senior Judge
        Law Office of Corey B. Beck, P.C.
        Jeffrey S. Posin & Associates
        Lewis & Roca, LLP/Las Vegas
        Eighth District Court Clerk