An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN E. HOFFMANN; AND LINDA K. HOFFMANN,
Appellants,
vs.
WELLS FARGO BANK, N.A.; AND NATIONAL DEFAULT SERVICING CORPORATION,
Respondents.

No. 59929

**FILED**

MAR 29 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a foreclosure mediation action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Following an unsuccessful mediation conducted under Nevada's Foreclosure Mediation Program (FMP), appellants John and Linda Hoffmann filed a petition for judicial review in district court. The Hoffmanns argued that respondent Wells Fargo did not comply with the FMP's statutory requirements and that the district court should therefore refuse to issue a foreclosure certificate.[1] See NRS 107.086(4), (5). Wells Fargo opposed the petition, contending that it complied with all statutory requirements.[2]

---

[1]This order refers to respondents Wells Fargo, N.A., and National Default Servicing Corporation collectively as "Wells Fargo."

[2]The parties are familiar with the facts, and we do not recount them further except as necessary to our disposition.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-09330

The district court denied the appellants' petition and ordered that a foreclosure certificate be issued. We affirm.

Standard of review

We review a district court's factual determinations deferentially. Ogawa v. Ogawa, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (a "district court's factual findings . . . are given deference and will be upheld if not clearly erroneous and if supported by substantial evidence"). Legal determinations are reviewed de novo. Clark County v. Sun State Properties, 119 Nev. 329, 334, 72 P.3d 954, 957 (2003). The choice of sanction in an FMP judicial review proceeding is committed to the sound discretion of the district court. Pasillas v. HSBC Bank USA, 127 Nev. ___, ___, 255 P.3d 1281, 1287 (2011).

The district court did not abuse its discretion in ordering a foreclosure certificate to be issued

To obtain a foreclosure certificate, a deed of trust beneficiary must strictly comply with four requirements: (1) attend the mediation, (2) participate in good faith, (3) bring the required documents, and (4) if attending through a representative, the person present must have authority to modify the loan or have access to a person with such authority. NRS 107.086(4), (5); Leyva v. National Default Servicing Corp., 127 Nev. ___, ___, 255 P.3d 1275, 1279 (2011) (concluding that strict compliance with these requirements is necessary).

The Hoffmanns make three arguments on appeal.[3]

---

[3]The Hoffmanns make further arguments and assertions that are incoherent, ill-supported, or impertinent. Numerous portions of the briefs are either unsupported by citations to legal authority or devoid of explanation as to why the inclusions are relevant to the case presently before this court. See NRAP 28(e)(1), (j). Furthermore, a deposition
*continued on next page...*

First, the Hoffmanns contend that the assignment from First National Bank of Nevada to Wells Fargo was invalid because the assignment did not comply with NRS 111.210's requirement that contracts for the sale of land express in writing the consideration paid. Contrary to the Hoffmanns' argument, however, we note that NRS 111.205(1) is the applicable statute for assignments. Einhorn v. BAC Home Loans Servicing, 128 Nev. ___, ___, 290 P.3d 249, 252 (2012) (applying NRS 111.205 to an assignment of a deed of trust). NRS 111.205(1) does not require an assignment of a deed of trust to include the consideration paid. Accordingly, the district court did not abuse its discretion in concluding that the assignment was valid.

Second, the Hoffmanns contend that Wells Fargo did not strictly comply with the document production requirement set forth in FMR 11(4), because the statement certifying the copy of the assignment does not include a recitation of the producing party's oath. FMR 11(4) states that "each assignment of the deed of trust . . . is only satisfied when

---

*...continued*

transcript relied on by the Hoffmanns in support of one of their arguments is poorly reproduced to the point of illegibility, and the appendices do not include proper indices. See NRAP 30(b)(1), (c)(2). Thus, we conclude that any of the Hoffmanns' arguments not specifically discussed herein were improperly raised.

The poor quality of appellants' counsel's work product in the current case continues to obscure the impact and reliability of his arguments. See Volkes v. BAC Home Loans Servicing, L.P., Docket No. 57304 (Order of Affirmance, Feb. 24, 2012) (admonishing counsel for the poor quality of appellants' briefs). We strongly caution counsel to comply with the rules of this court in future filings. RPC 1.1, 1.3.

the mediator receives a statement under oath signed before a notary public pursuant to . . . NRS 240.1655(2)."

The statement certifying the copy of the assignment was notarized in Arizona. NRS 240.1655(3)(c) provides that a notarial act performed in another state is sufficient if it meets the requirements of NRS 240.1655(1) and (2) and is "in a form prescribed by the laws or regulations applicable in the place in which the notarial act was performed." The document in question, however, appears to only be an acknowledgment, and thus does not comply with the Arizona requirements for a proper jurat or oath. Compare A.R.S. § 41-311(1) (defining an acknowledgment) and A.R.S. § 41-311(5) (defining a jurat). Accordingly, the statement certifying the copy of the assignment does not strictly comply with FMR 11(4).

We have previously concluded that the note, deed of trust, and each assignment must be provided under the FMRs, Pasillas, 127 Nev. at ___, 255 P.3d at 1285, and have imposed a strict compliance standard for these core or "'essential documents,'" Leyva, 127 Nev. at ___, 255 P.3d at 1277-79; see also NRS 107.086(4), (5) (requiring production of the note, deed of trust, and each assignment). However, this strict compliance requirement does not extend to non-essential or collateral documents. As we stated in Leyva, the purpose of the document production requirements is to ensure that the foreclosing party actually owns the note and has the authority to negotiate. 127 Nev. at ___, 255 P.3d at 1279. The Hoffmanns only argue that Wells Fargo failed to meet the technical requirements, and do not challenge the authenticity of the assignment itself. Thus, the defective certification does not affect its authority. Accordingly, the

district court did not abuse its discretion in concluding that Wells Fargo complied with FMR 11(4).

The Hoffmanns' final argument is that Wells Fargo participated in the mediation in bad faith by failing to disclose how much it paid First National Bank of Nevada for the loan. Specifically, the Hoffmanns contend that they needed this information so that they could determine whether they might be liable for a deficiency judgment. In making this contention, the Hoffmanns argue that NRS 40.451 limits any deficiency judgment to the amount Wells Fargo paid for the note. We disagree that potential deficiency exposure is controlled by the amount a loan was purchased for in the secondary mortgage market.

In its entirety, NRS 40.451 provides as follows:

> As used in [this subchapter,] "indebtedness" means the principal balance of the obligation secured by a mortgage or other lien on real property, together with all interest accrued and unpaid prior to the time of foreclosure sale, all costs and fees of such a sale, all advances made with respect to the property by the beneficiary, and all other amounts secured by the mortgage or other lien on the real property in favor of the person seeking the deficiency judgment. <u>Such amount constituting a lien is limited to the amount of the consideration paid by the lienholder.</u>

(Emphasis added).

With respect to this argument, the Hoffmanns attempt to equate "lien" with "debt." Regardless of what NRS 40.451 says about the

SUPREME COURT
OF
NEVADA

(O) 1947A

lienholder's lien, the statute does not affect the amount of debt the lienholder is entitled to collect.[4]

The Hoffmanns' promissory note is a negotiable instrument and its transfer is governed by Article 3 of Nevada's UCC. <u>Leyva</u>, 127 Nev. at ___, 255 P.3d at 1279-81. Under Article 3, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument." NRS 104.3203(2). It is also a well-founded principle of contract law that "[g]enerally, all contract rights may be assigned . . . ." <u>See, e.g.</u>, 29 Richard A. Lord, Williston on Contracts § 74:10 (4th ed. 2003); Restatement (Second) of Contracts § 317(2) (1981). Further, "[i]t is no defense to an obligor that the assignee gave no consideration." 9 John E. Murray, Jr., Corbin on Contracts § 48.1 (rev. ed. 2007). In short, Wells Fargo is entitled to the same rights of collection of which the original holder was entitled. The Hoffmanns' proffered application of NRS 40.451 appears to contradict not only Article 3, but also these basic contract principles. Additionally, we note that nothing within NRS 107.086 or the FMP rules requires a disclosure of the original amount paid, nor do these

---

[4]The lack of attention by the Legislature to NRS 40.451 also contradicts the meaning that counsel ascribes to the statute. Enacted in 1969 in substantially its current form, NRS 40.451 was amended only once in 1989 without regard to the issue presented here. <u>See</u> 1969 Nev. Stat., ch. 327, § 3, at 572-73; 1989 Nev. Stat. ch. 750, § 8, at 1769. It was not amended in 2009 in conjunction with the enactment of the FMP, when the Legislature amended NRS 40.455 to provide a limited and prospective prohibition on a deed of trust beneficiary's right to pursue a deficiency judgment. <u>See</u> 2009 Nev. Stat., ch. 310, §§ 2-3, at 1330-31.

In light of its 2009 actions, it is highly unlikely that the Legislature would completely ignore NRS 40.451's potential effect if the statute was intended to apply in a manner consistent with counsel's argument.

SUPREME COURT OF NEVADA

6

(O) 1947A

rules require a bank to disclose its intentions to seek or forego a deficiency judgment. NRS 107.086(4) and (5); <u>Pasillas</u>, 127 Nev. at ___, 255 P.3d at 1287. Accordingly, Wells Fargo's nondisclosure of the consideration paid does not amount to bad faith.

Having determined that the district court did not abuse its discretion in ordering a foreclosure certificate to be issued, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Patrick Flanagan, District Judge
     Mark L. Mausert
     Tiffany & Bosco, P. A.
     Washoe District Court Clerk

(O) 1947A