An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DOUGLAS A. ROTONDI,
Appellant,
vs.
INDYMAC MORTGAGE SERVICES;
MERS; NDEX WEST, LLC; AND
ONEWEST BANK, FSB,
Respondents.

No. 62416

**FILED**

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant contends that respondent OneWest Bank, FSB, does not own his loan. Based on the documents presented at both the mediation and the show-cause hearing, it was not clearly erroneous for the

district court to conclude that OneWest owns appellant's loan. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed). Specifically, OneWest produced appellant's original promissory note with a blank endorsement, appellant's original deed of trust, and a copy of an assignment obtained from the county recorder's office. As this court has recognized, these documents are sufficient to demonstrate OneWest's ownership of appellant's loan and its compliance with the FMP statute. *See Leyva*, 127 Nev. at ___, 255 P.3d at 1280 (recognizing that possession of an endorsed-in-blank note constitutes a proper negotiation for purposes of Article 3 of the Uniform Commercial Code and that the person in possession is thereby entitled to enforce the note);[1] *Edelstein*, 128 Nev. at ___, 286 P.3d at 259-60 (explaining that a deed of trust assignment from MERS to another entity is effective to transfer beneficial interest in the deed of trust to that entity); *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. ___, ___, 290 P.3d 249, 254 (2012) (recognizing that a copy of an assignment obtained from the county recorder's office is sufficient to comply with the FMP statute because such a copy is self-authenticating).

---

[1]Even if this endorsement were fabricated, as appellant suggests, OneWest still established that it was entitled to enforce appellant's note by virtue of the fact that the Mortgage Electronic Registration Systems, Inc. assignment assigned beneficial interest in the deed of trust *and* the note. *See Leyva*, 127 Nev. at ___, 255 P.3d at 1281 (explaining that, without showing a valid negotiation, a party can establish its right to enforce the note by demonstrating a valid transfer); *Edelstein*, 128 Nev. at ___, 286 P.3d at 260-61 (recognizing that an assignment that assigns beneficial interest in the deed of trust *and* the note sufficiently demonstrates a valid transfer of the note for Article 3 purposes).

Accordingly, ample evidence supported the district court's conclusion that OneWest owned appellant's loan.[2] Appellant's remaining argument regarding the timing of when the notice of default was recorded is outside the scope of the FMP and is therefore inappropriate for consideration in the context of this appeal.[3] NRS 107.086(4) (2011); *Leyva*, 127 Nev. at ___, 255 P.3d at 1278-79. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[2]Appellant contends that Fannie Mae, and not OneWest, owns his loan. While the printout provided in appellant's October 23, 2012, district court filing may suggest as much, this printout also states that OneWest is appellant's "mortgage company," and OneWest provided the documentation necessary to demonstrate its authority to participate in the mediation as the deed of trust beneficiary. Thus, appellant's argument in this regard does not warrant reversal of the district court's order.

[3]We note, however, that NRS 107.028(4) was not enacted until after appellant's notice of default was recorded. *See* 2011 Nev. Stat., ch. 81, § 6, at 329.

cc:     Hon. Kathleen E. Delaney, District Judge
        Douglas A. Rotondi
        Brooks Bauer LLP
        Eighth District Court Clerk