An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HOLLIS LEFKOWITZ,
Appellant,
vs.
BANK OF AMERICA, N.A.; AND U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE BENEFIT OF HARBORVIEW 2005-1 TRUST FUND,
Respondents.

No. 61067

**FILED**

OCT 24 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that respondent Bank of America, N.A., mediated in bad faith by failing to disclose the amount that respondent U.S. Bank, National Association, paid to obtain ownership of appellant's loan while still asserting U.S. Bank's right to seek a deficiency judgment. Nothing in the FMP statute or rules requires disclosure of this information, and the district court did not clearly err in finding a lack of bad faith in this regard. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260

SUPREME COURT
OF
NEVAOA

(O) 1947A

13-32101

(indicating that, absent clear error, a district court's factual determinations will not be disturbed).

Appellant next contends that the assignment produced by respondents was "void" because it did not recite the amount of consideration that U.S. Bank paid for the assignment. According to appellant, this failure to recite the consideration paid violates NRS 111.210. We disagree. NRS 111.210, part of Nevada's statute of frauds, applies to "contract[s] . . . for the sale of . . . an[ ] interest in lands." NRS 111.210(1). A deed of trust assignment, however, is not a contract. Rather, it is a document akin to a receipt that provides a written record of who is entitled to foreclose on secured property as a means of satisfying a borrower's obligation under a promissory note. *Cf. Einhorn v. BAC Home Loans Servicing, Inc.*, 128 Nev. ___, ___, 290 P.3d 249, 254 (2012) (indicating that an assignment's purpose is to complete the chain of title of the person seeking to enforce the note and to proceed with foreclosure). Thus, while a signed writing is required to transfer the beneficial interest in a deed of trust, *see* NRS 111.205, this writing does not need to recite consideration to accomplish its purpose. *See Leyva*, 127 Nev. at ___, 255 P.3d at 1279 (discussing the applicability of NRS 111.205 without reference to NRS 111.210). Accordingly, the district court properly determined that the deed of trust assignment produced by respondents was not "void" for failure to comply with NRS 111.210(1). *Edelstein*, 128 Nev. at ___, 286 P.3d at 260.

Appellant finally contends that the district court should have held an evidentiary hearing to determine whether an assignment was missing.[1] Specifically, because Mortgage Electronic Registration Systems,

---

[1]Appellant also contends that respondents failed to establish that U.S. Bank is a holder in due course. There is a difference between being a

*continued on next page...*

SUPREME COURT OF NEVADA

SUPREME COURT
OF
NEVADA

(O) 1947A

2

Inc.'s website indicated that RBS Financial Products owned appellant's loan at some point, appellant contends that an evidentiary hearing was necessary to clarify the chain of title. Based upon the documentation presented to the district court, it was not clearly erroneous for the district court to conclude that respondents had provided a complete chain of title, *Edelstein*, 128 Nev. at ___, 286 P.3d at 260, and the district court was within its discretion to reach this conclusion without conducting an evidentiary hearing. FMR 21(2) (providing the district court with the discretion to determine whether an evidentiary hearing is necessary). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                                 Hardesty

_____, J.          _____, J.
Parraguirre                             Douglas

_____, J.          _____, J.
Cherry                                  Saitta

--------

...*continued*
note "holder" and a "holder in due course," and this court has never held that a deed of trust beneficiary seeking to foreclose must be a holder in due course. *See* NRS 104.3302 (requiring a note holder to satisfy various criteria in order to be a holder in due course); *Leyva*, 127 Nev. at ___, 255 P.3d at 1280-81 (recognizing that a note holder is entitled to enforce the note).

cc: Hon. Patrick Flanagan, District Judge
Mark L. Mausert
The Cooper Castle Law Firm, LLC
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A