An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM M.J. DAIN,
Appellant,
vs.
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,
Respondent.

No. 62850

**FILED**

APR 1 1 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) and (5) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant raises three arguments regarding why the district court improperly ordered the issuance of an FMP certificate.[1]  First,

---

[1]Appellant also argues that a September 2010 assignment from Mortgage Electronic Registration Systems, Inc., to Citimortgage was void
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

14 - 11742

appellant contends that the district court should have dismissed respondent's petition for judicial review on the ground that it was not timely filed. Based on the conflicting evidence regarding when respondent actually received the Mediator's Statement, it was not clearly erroneous for the district court to find that respondent's petition was timely filed. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed); *id.* at ___ n.4, 286 P.3d at 254 n.4 (recognizing that the time frame for petitioning for judicial review under FMR 21(2) (2011) begins running upon receipt of the Mediator's Statement).

Appellant next contends that the district court erred in determining that respondent produced proper certifications for the endorsements on appellant's promissory note. We disagree. Because respondent certified that the promissory note in its possession was the original, this certification was also sufficient to certify that the endorsements on the note were the originals.[2] *Edelstein*, 128 Nev. at ___,

---

*...continued*
and that respondent's chain of title is therefore incomplete. Because this argument was not made in district court, we decline to consider it on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[2]We need not consider in this case whether a separate certification would be necessary for an endorsement contained on an allonge. As respondent accurately argued at the show-cause hearing, in light of the two endorsements on the note, the allonge was not necessary to establish respondent's status as the note holder. *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1279-80 (2011) (recognizing that a party in possession of a properly negotiated, endorsed-in-blank promissory note is the note holder and is entitled to enforce the note).

286 P.3d at 260 (reviewing a district court's legal conclusions de novo); *cf. Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. \_\_\_, \_\_\_, 290 P.3d 249, 254 (2012) ("[S]trict compliance does not mean absurd compliance.").

Appellant lastly contends that respondent's document certifications failed to comply with NRS 240.1655(2). *See* FMR 11(4) (2011) (requiring a certification to comply with subsection 2 of NRS 240.1655). Again, we disagree. Respondent's certifications did not need to comply with sub-subsection (c) of NRS 240.1655(2) when the notarial officer's only function was to administer an oath under sub-subsection (b).

As there was no factual or legal error on the district court's part, *Edelstein*, 128 Nev. at \_\_\_, 286 P.3d at 260, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Patrick Flanagan, District Judge
       Tory M. Pankopf
       McCarthy & Holthus, LLP/Las Vegas
       McCarthy & Holthus LLP/Reno
       Washoe District Court Clerk