# IN THE SUPREME COURT OF THE STATE OF NEVADA

WILMINGTON SAVINGS FUND
SOCIETY FSB, D/B/A CHRISTIANA
TRUST, NOT INDIVIDUALLY BUT AS
TRUSTEE FOR HILLDALE TRUST,
Appellant/Cross-Respondent,
vs.
ALLEN DEAVER, HOMEOWNER,
Respondent/Cross-Appellant.

No. 80446

FILED

MAY 04 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from an order denying a request for relief in a foreclosure mediation matter, and an appeal and cross-appeal from an order imposing sanctions. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge.[1]

The district court denied appellant/cross-respondent Wilmington Savings Fund Society's request for relief, ruling that although Wilmington provided a county-recorder certified copy of the deed of trust, Wilmington did not provide a statement that it was in possession of the original deed of trust as required by FMR 13(8)(a)(2).[2] On appeal,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The district court also found that Wilmington produced the original promissory note and three assignments evincing a complete chain of title with regard to the deed of trust. To the extent respondent/cross-appellant Allen Deaver challenges those findings, we conclude that the district court's findings are supported by substantial evidence. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 521-22, 286 P.3d 249, 260 (2012) (indicating that

21-12731

Wilmington argues that providing a county-recorder certified copy of the deed of trust should be deemed sufficient and that FMR 13(8)(a)(2)'s possession-of-the-original requirement serves no functional purpose in this case because Wilmington need not have been in possession of the original deed of trust as a prerequisite to foreclose.

We agree.[3] Although possession of the original promissory note is generally required to enforce the note, *see* NRS 104.3301, no such requirement exists to foreclose on a deed of trust. Rather, the authority to foreclose on a deed of trust is established by the deed of trust or an assignment thereof. *See Edelstein v. Bank of N.Y. Mellon*, 128 Nev. 505, 522, 286 P.3d 249, 260 (2012) ("To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing."); *see also* NRS 107.0805(1)(b) (providing that an entity seeking to foreclose must attest that it is the holder of the promissory note and "the current beneficiary of record"). This is true even in the context of the legislatively enacted Foreclosure Mediation Program, as NRS 107.086's document-production provision does not require Wilmington to possess the original deed of trust. *See* NRS 107.086(5) (requiring a deed of trust beneficiary to produce the

---

a district court's factual findings will not be disturbed on appeal if they are supported by substantial evidence).

[3]FMR 13(9) purports to provide a procedure by which a lost deed of trust can be enforced, which Wilmington did not attempt to follow. However, the statute that FMR 13(9) references, NRS 104.3309, is part of U.C.C. Article 3, which applies to negotiable instruments. NRS 104.3104 defines "[n]egotiable instrument" in a way that pertains specifically to promissory notes, as opposed to deeds of trust. Thus, this procedure does not seem to apply to a lost deed of trust, and Wilmington's failure to follow FMR 13(9) does not affect our resolution of this appeal.

original deed of trust or a certified copy of it but not requiring the beneficiary to establish possession of the original).

Thus, the requirement that Wilmington possess the original deed of trust stems solely from FMR 13(8). Given that this court enacted the Foreclosure Mediation Rules in an effort to "carry out the provisions of [the legislatively enacted Foreclosure Mediation Program]," NRS 107.086(8) (2009); *see* FMR 1(1), and given that Wilmington's possession of the original deed of trust is not otherwise a requirement to foreclose, we conclude that Wilmington need not have established that it was in possession of the original deed of trust. Rather, we conclude that Wilmington's production of a county-recorder certified copy of the original deed of trust substantially complied with FMR 13(8)(a)(2)'s document-production requirements.[4] *See Markowitz v. Saxon Special Servicing*, 129 Nev. 660, 665, 310 P.3d 569, 572 (2013) (holding that a deed of trust beneficiary need not necessarily strictly comply with the Foreclosure Mediation Rules and that substantial compliance is instead sufficient when the beneficiary "complies with respect to the substance essential to every reasonable objective of the rule"); *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. 689, 697, 290 P.3d 249, 254 (2012) (discussing generally the authenticity of documents certified by a county recorder). Accordingly, we conclude that the district court erred in determining that Wilmington failed to comply with FMR

---

[4]Key to our conclusion in this respect is Deaver's failure to explain how the Foreclosure Mediation Program's purpose was undermined by Wilmington's failure to strictly comply with FMR 13(8)(a)(2).

13(8)'s document-production requirements.[5]  We therefore reverse the district court's order denying Wilmington's request for relief.

Additionally, because the sole basis for the district court's imposition of sanctions was Wilmington's failure to comply with FMR 13(8)(a)(2), we necessarily reverse the district court's order imposing sanctions.  However, Deaver raises an array of other arguments on cross-appeal in support of imposing sanctions.  Although the district court indicated in its order denying Wilmington's request for relief that it declined to consider those arguments on the ground that they were outside the context of the foreclosure mediation, we are not persuaded that all of Deaver's arguments are outside the scope of the underlying mediation, as some of his arguments appear to pertain to the veracity of the documents produced pursuant to FMR 13(8).  *See Wood v. Germann*, 130 Nev. 553, 555 n.3, 331 P.3d 859, 860 n.3 (2014) (recognizing that a homeowner may challenge the veracity of documents produced in conjunction with the Foreclosure Mediation Program's document-production requirements).  Thus, on remand, the district court shall address the merits of Deaver's arguments as they pertain to the documents produced pursuant to FMR 13(8) with respect to the underlying foreclosure mediation.  Our instruction in this regard should not be construed as an indication that any of Deaver's arguments have merit or a mandate to the district court that it must

---

[5]The district court's determination is understandable in light of the Nevada Court of Appeals' dispositions in *Wells Fargo Bank, N.A. v. Moore*, Docket No. 70844 (Order of Affirmance, Dec. 18, 2017), and *Wells Fargo Bank, N.A. v. Pappas*, Docket No. 70887 (Order of Affirmance, Dec. 14, 2017).  To the extent that the Court of Appeals relied on this court's disposition in *Federal National Mortgage Ass'n v. Winters*, Docket No. 62701 (Order of Affirmance, Mar. 18, 2014), we disavow the reasoning behind that decision.

entertain arguments that it deems not coherently presented. Consistent with the foregoing, we

ORDER the judgments of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                              Herndon


cc:    Hon. Thomas W. Gregory, District Judge
       David Wasick, Settlement Judge
       Aldridge Pite, LLP
       Arthur J. Bayer, Jr.
       Douglas County Clerk