# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENT W. HESSER, AN
INDIVIDUAL,
Appellant,
vs.
KENNEDY FUNDING, INC., A NEW
JERSEY CORPORATION,
Respondent.

No. 81383

FILED

FEB 04 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from an order denying a motion to declare a judgment expired in a contract dispute. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1] The underlying dispute arose from a loan guaranty agreement between appellant Vincent W. Hesser and respondent Kennedy Funding, Inc. The district court entered summary judgment in favor of Kennedy Funding, and Kennedy Funding later filed an affidavit of renewal of the judgment with the district court. Based on Kennedy Funding's failure to record the affidavit of renewal within three days after filing per NRS 17.214(1)(b), Hesser filed a motion to declare the judgment expired. The district court denied this motion and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

22-03844

Hesser's subsequent motion to alter or amend the order. Hesser now appeals.[2]

Hesser contends that the district court erred by denying his motion to declare the judgment expired because Kennedy Funding failed to record its affidavit of renewal within three days of the affidavit's filing with the district court. We disagree. NRS 17.214(1)(b) provides, in relevant part, that "[a] judgment creditor or a judgment creditor's successor in interest may renew a judgment which has not been paid," "[i]f the judgment is recorded, [by] recording the affidavit of renewal in the office of the county recorder in which the original judgment is filed within 3 days after the affidavit of renewal is filed." At issue here is whether this statute is subject to strict or substantial compliance.

In *Leven v. Frey*, we addressed this issue, concluding that this statute was subject to strict compliance and that substantial compliance would undermine legislative intent.[3] 123 Nev. 399, 409, 168 P.3d 712, 719 (2007). In doing so, we reasoned that "since the statute includes no built-in grace period or safety valve provision, its explicit three-day language leaves little room for judicial construction or 'substantial compliance' analysis." *Id.* at 407, 168 P.3d at 718 (internal footnote omitted). We further reasoned

---

[2]After an order to show cause, we reinstated briefing in this case. *See Hesser v. Kennedy Funding, Inc.*, No. 81383 (Nev. Dec. 24, 2020) (Order Reinstating Briefing).

[3]We thus reject Kennedy Funding's contention that the goal of avoiding harsh results warrants applying substantial compliance.

that such an interpretation was "consistent with the general tenet that 'time and manner' requirements are strictly construed, whereas substantial compliance may be sufficient for 'form and content' requirements," *id.* at 408, 168 P.3d at 718, and with the statute's primary purpose, *id.* at 408, 168 P.3d at 719 (noting that "the recording requirement's main purpose is to procure reliability of title searches for both creditors and debtors since any lien on real property created when a judgment is recorded continues upon that judgment's proper renewal").

Nevertheless, we have also held that "strict compliance does not mean absurd compliance." *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. 689, 696, 290 P.3d 249, 254 (2012); *see also* 2A Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 46:2, at 162 (7th ed. 2007) ("Statutes should be read sensibly rather than literally and controlling legislative intent should be presumed to be consonant with reason and good discretion."). Here, it is uncontested that Kennedy Funding satisfied all of NRS 17.214's service and recording requirements before the judgment expired. Thus, unlike in *Leven* where the judgment had expired, a creditor conducting a title search would have seen there was an unexpired lien on the property. As such, the purpose of procuring reliable title searches is not affected in the circumstances presented here. The fact that there was a brief delay in recording the affidavit of renewal does not impact this reality, at least where the affidavit was filed and recorded well before the judgment expired. To make the outcome turn on

the present facts "exalts literalism for no practical purpose."[4] *Einhorn*, 128 Nev. at 697, 290 P.3d at 254. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Pickering

cc: Chief Judge, Eighth Judicial District Court
Department 11, Eighth Judicial District Court
Stephen E. Haberfeld, Settlement Judge
Law Offices of Byron Thomas
Lynch Law Practice, PLLC
Eighth District Court Clerk

---

[4]To the extent the district court relied on the substantial compliance doctrine, we nevertheless affirm because it ultimately reached the correct result. *See Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (holding that this court will affirm a district court's order if the right result was reached, even if for the wrong reason). And because it reached the correct result, we also affirm the district court order denying Hesser's motion to alter or amend the order denying his motion to declare the judgment expired. *See* NRAP 59(e); *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 582, 245 P.3d 1190, 1193 (2010) (holding that NRCP 59(e) motions are available to correct manifest errors of law).