# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
CORPORATION,
Appellant,
vs.
DITECH FINANCIAL LLC, F/K/A
GREEN TREE SERVICING LLC,
Respondent.

No. 81443

FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appellant SFR Investments Pool 1, LLC, appeals from a district court order granting summary judgment in an HOA foreclosure matter. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

In 2005, Adekunle Ajayi bought a house in Las Vegas, Nevada, granting a deed of trust to his lender. That same year, Fannie Mae bought the loan from Ajayi's lender. The Federal Housing Finance Authority (FHFA) became Fannie Mae's conservator in 2008. After failing to pay the homeowner's association (HOA) assessments, Ajayi's HOA foreclosed in 2013, selling the home at a nonjudicial foreclosure sale to SFR for $20,000. In 2014, Ajayi filed a complaint in district court to quiet title on the property against SFR and the HOA. Respondent Ditech Financial, LLC, the contractual servicer of Fannie Mae's loan, intervened and sought declaratory relief that Fannie Mae's deed of trust had not been extinguished by the HOA foreclosure and sale under the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3). The district court dismissed Ajayi's complaint but granted Ditech's motion for summary judgment, concluding that the Federal Foreclosure Bar applied, thus maintaining the status of Fannie

22-10048

Mae's deed of trust. SFR does not appeal that determination, but instead raises a constitutional argument based on the United States Supreme Court's recent decision in *Collins v. Yellen*, 141 S. Ct. 1761 (2021),[1] asking this court to remand the case to the district court to determine SFR's claim to damages because of the FHFA's unconstitutional structure.

Reviewing de novo, we find SFR's argument that this case should be remanded to the district court for an assessment of damages to be unpersuasive. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (reviewing a district court's decision to grant summary judgment de novo). SFR failed to assert any claim or defense relating to the unconstitutional structure of the FHFA before the district court, so we decline to consider them for the first time on appeal. *Einhorn v. BAC Home Loans Servicing, LP*, 128 Nev. 689, 693 n.3, 290 P.3d 249, 252 n.3 (2012) (declining to consider arguments without record citations and not made before the district court). For these reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                Herndon

---

[1]In *Collins*, the Court concluded that the Housing Economic Recovery Act's for-cause restriction on the President's ability to remove the FHFA's Director violated the separation of powers but that the Director still had authority to carry out the functions of the office. 141 S.Ct. at 1788.

cc:   Hon. Susan Johnson, District Judge
John Walter Boyer, Settlement Judge
Kim Gilbert Ebron
Wolfe & Wyman LLP
Eighth Judicial District Court Clerk